IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY E. ALLY, | ) | CASE NO. 1:07 CV 1305 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COLUMBIA GAS TRANSMISSION | ) | |
| CORPORATION, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## I. Introduction

As determined by the Court, and as fully explained below, this is an independent action for relief from a judgment under Federal Rule of Civil Procedure 60(b). The defendant, Columbia Gas Transmission Corporation, has filed a motion to dismiss the case.[1] The plaintiff, Bradley Ally, has opposed the motion.[2] Columbia Gas has filed a reply in support of the motion.[3] With the complaint, Ally has moved for a temporary restraining order.[4]

Ally's complaint in this case, which the Court will refer to as *Ally II*, is directed to the amended judgment entered in *Columbia Gas Transmission Corporation v. Ally*, Case No. 1:04 CV 1338, which the Court will refer to as *Ally I*. For convenience and

---

[1] ECF # 4.

[2] ECF # 12.

[3] ECF # 13.

[4] ECF # 2.

comprehensiveness, the findings of fact and conclusions of law set out in the amended memorandum opinion and order[5] and made effective by the amended judgment in that case[6] are incorporated herein by reference.

This Court in *Ally I* established safety and operational setbacks around a natural gas storage well on the Ally property under the terms of an easement to operate that well. Based upon evidence, uncontroverted, that a garage on the Ally property within the defined setbacks was electrified and regularly used as a workshop and storage structure for motorcycles, the amended judgment provided that the garage must be removed.[7]

On Ally's representation that the garage, after the judgment became final, has been de-electrified and will no longer be used to store motorcycles, he asks in this case for declaratory judgment that the garage need not be removed.

The Court determines that the pending motion to dismiss presents a single issue for resolution:

> An independent action for relief from judgment provides a remedy under limited circumstances deemed sufficiently gross to involve a grave miscarriage of justice and demand a departure from rigid adherence to the doctrine of res judicata. Here Ally seeks such relief based upon changed circumstances that he brought about after the judgment became final to avoid the judgment's clear effect. Does this case present the grave miscarriage of justice necessary to support this extraordinary remedy?

---

[5] *Ally I*, ECF # 89.

[6] *Ally I*, ECF # 90.

[7] *Ally I*, ECF # 89, Conclusions of Law, ¶¶ 9 and 11.

As discussed below, the Court concludes that under the stringent standards for relief from judgment by way of an independent action, this case does not involve a grave miscarriage of justice sufficient to support such relief. Accordingly, Columbia Gas's motion to dismiss will be granted. As the Court will enter final judgment dismissing this case, it will deny Ally's motion for a temporary restraining order.

## II.  Analysis

**A.   Declaratory judgment and *res judicata* in context**

The briefs of the parties on the pending motion to dismiss concentrate heavily on declaratory judgment as the proper procedural vehicle for obtaining relief with respect to the garage at issue and upon the *res judicata* effect of the Court's amended judgment in *Ally I*. Bottom line, although the complaint in this case does set out a claim for declaratory relief from the amended judgment, that judgment has a *res judicata* effect that Ally must overcome to obtain such relief.

The parties agree on the test for the application of *res judicata* as set forth by the Sixth Circuit in *Kane v. Magna Mixer Company*.[8] Of the four elements set forth in that test, the one at issue here is whether the issue presented in *Ally II* constitutes "an issue in the subsequent action which was litigated or which should have been litigated in the prior action" (*i.e.*, *Ally I*).[9]

---

[8] *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

[9] *Id.* at 560.

Ally argues that because the character of the garage has changed since the amended judgment in *Ally I*, the issue of whether the garage, in its current state, should be removed was not litigated and should not have been litigated in that case. Columbia Gas counters that Ally had the opportunity to, and in fact did, fully litigate the fate of the garage in *Ally I* both before the Court entered the original judgment and through motions to amend or alter that judgment.

From the Court's perspective, the amended judgment in *Ally I* clearly provides that the garage is within the safety setback and must be removed. If Ally wanted to seek the Court's assistance in saving the garage by authorizing the altering of its characteristics and use, he could and should have done so at trial or by a timely motion to amend or alter the amended judgment. The doctrine of *res judicata*, therefore, does apply to the claim in *Ally II*.[10]

This does not end the inquiry, however. *Res judicata* does not bar a litigant from seeking relief from judgment under Federal Rule of Civil Procedure 60(b).[11] As discussed in the next section, Federal Rule of Civil Procedure 60(b) provides two vehicles for obtaining relief from the preclusive effect of a judgment – the motion for relief from judgment and the independent action to relieve a party from judgment. In conferences held on May 4, 2007,[12]

---

[10] For purposes of this motion to dismiss, the Court may and will take judicial notice of the filings entered on the docket in *Ally I*. *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003).

[11] *Jordan v. Gilligan*, 500 F.2d 701, 710 (6th Cir. 1974).

[12] *Ally I*, ECF # 92.

and May 14, 2007,[13] counsel for Ally made it clear to the Court that a strategic choice had been made in filing and pursuing *Ally II* to seek relief by independent action.[14]  The Court, therefore, will determine if the standards for relief from judgment by independent action have been met.

**B.    Standards for an independent action for relief from judgment**

As the Sixth Circuit observed in *Computer Leasco, Inc. v. NTP, Inc.*,[15] Federal Rule of Civil Procedure 60(b) provides the exclusive avenue for seeking relief from a judgment.[16] The rule provides two vehicles for such relief – a motion to relieve a party from a final judgment and an independent action to relieve a party from a judgment.

These two vehicles are not identical.  With limited exceptions, the party seeking relief by motion must file that motion in the same court that entered the judgment.[17]  A motion for relief from judgment is subject to time limits set out in the rule.  By contrast, an independent action for relief from judgment may be brought in a court that did not render the judgment.[18] The only time limitation upon an independent action is by way of laches.[19]

---

[13] *Ally II*, ECF # 10.

[14] Ally has since filed a motion under Civil Rule 60(b) in *Ally I*. ECF # 93.  The Court will rule on that motion in that case in due course.

[15] *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328 (6th Cir. 2006).

[16] *Id.* at 334.

[17] 12 James Wm. Moore, *et al.*, Moore's Federal Practice § 60.60 3d Ed. (2006).

[18] *Id.* at § 60.84[2][a].

[19] *Id.* at § 60.83.

The Supreme Court set out the legal standards applicable to an independent action for relief from judgment in *United States v. Beggerly*.[20] The Court initially observed that after the 1946 amendment to Civil Rule 60(b), only two forms of relief from judgment remained, the motion and the independent action.[21] The "precise contours" of the independent action are "somewhat unclear."[22] The Court identified the primary purpose of such an action by referring to the Advisory Committee's Notes on the 1946 amendment regarding use of the action when a motion is time-barred:

> "[I]f the right to make a motion is lost by the expiration of the time limits fixed by these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action."[23]

The Court went on to emphasize that the circumstances under which relief by an independent action would be warranted are narrow.

> "Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain circumstances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*."[24]

A court should grant relief by independent action only to prevent a "grave miscarriage of justice."[25]

---

[20] *United States v. Beggerly*, 524 U.S. 38 (1998).

[21] *Id.* at 45.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 46, citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

[25] *Id.* at 47.

Recently, the Sixth Circuit in *Computer Leasco, Inc. v. NTP, Inc.*, acknowledged and applied these principles.[26]  In that case, the court observed that the standard for an independent action is more strict than a standard for relief by motion.[27]

**C.     Independent action for relief from judgment standards applied**

As stated above, the issue here is whether the strict standards for relief from judgment by independent action are satisfied based on a change of circumstances caused by the non-prevailing party after judgment.  In the context of this case, the change in circumstances involves the character and use of the garage ordered removed by the amended judgment.

At all relevant times, both before and after the amended judgment, Ally possessed the authority and means to bring about the change of circumstances in question.  He could have changed the character and use of the garage, or at least proposed and committed to do so.

It was obvious from the evidence presented at trial that Columbia Gas sought the removal of the garage in large part because it posed a danger as an ignition source.  Ally did not contest the evidence presented about the character and use of the garage at trial.  He sought to maintain the status quo.

After the Court issued the original judgment, Columbia Gas filed a motion to clarify or to alter or amend judgment asking for certainty about the removal of the garage.[28]  Ally

---

[26] *Computer Leasco*, 194 F. App'x 334-35.

[27] *Id.* at 335.

[28] *Ally I*, ECF # 84 at 4-5.

filed a motion to clarify or amend that also sought guidance on removal of the garage.[29] That motion did not propose a change in the character or use of the garage.[30]

The Court ruled on the motions for clarification or amendment[31] and issued an amended memorandum opinion and order[32] and an amended judgment entry.[33] In these amendments, the Court ordered removal of the garage.[34]

Under Civil Rules 6(a) and 59(b), the time for filing a motion to amend or alter the amended judgment ran on January 23, 2007. Ally filed no such motion and, therefore, did not propose further amendment of the judgment based on changed circumstances.

By Ally's admission, he proposed a change in the character and use of the garage to Columbia Gas on February 2, 2007.[35] Columbia Gas responded on February 5, 2007 that it did not consider the change proposed by Ally sufficient to excuse the clear mandate of the amended judgment.[36]

By operation of Federal Rule of Appellate Procedure 4(a)(1)(A), the time for appeal from the amended judgment expired on February 7, 2007. None of the parties took an

---

[29] *Ally I*, ECF # 86 at 2.

[30] *Id.*

[31] *Ally I*, ECF # 88.

[32] *Ally I*, ECF # 89.

[33] *Ally I*, ECF # 90.

[34] *Ally I*, ECF # 89, Conclusions of Law ¶¶ 9 and 11.

[35] *Ally II*, ECF # 2 at 4.

[36] *Id.*

appeal. Ally did not seek relief from the judgment based on the changed circumstances prior to the expiration of the time for appeal.

Although it may be understandable, for strategic reasons, that Ally may have decided not to propose a change in the character and use of the garage at trial or before the entry of the original judgment, after that judgment Ally could and should have brought his intention to change the character and use of the garage to the Court's attention before the times for amendment or an appeal from the amended judgment had expired.

The Court has been able to find no precedents granting relief from judgment by independent action for changed circumstances brought about by a non-prevailing party in response to the judgment. As the foregoing recital demonstrates, Ally had multiple opportunities to propose to the Court a change in character and use of the garage while the Court had an opportunity to act without granting extraordinary relief. The Court, therefore, must conclude that this case does not present a gross injustice or grave miscarriage of justice necessary to support relief by independent action.

### III. Conclusion

Based on the foregoing analysis, the Court concludes that Ally's complaint fails to state a claim for relief from judgment by independent action under Civil Rule 60(b). Accordingly, Columbia Gas's motion to dismiss is hereby granted. The Court further concludes that although this independent action must be dismissed, it was not frivolously filed. Columbia Gas's motion for fees and costs under Local Civil Rule 7.1(2) is hereby

-10-

denied. Given that this case is being dismissed, Ally's motion for temporary restraining order is hereby denied. A separate judgment entry dismissing the case will issue.

    IT IS SO ORDERED.


Dated:  May 18, 2007                                    s/ William H. Baughman, Jr.
                                                                            United States Magistrate Judge